ELIZA H. CROSSMAN v. FRANK W. JOHNSON.

*Sale at auction. Previous representations may make a warranty.*

A representation by the owner as to the quality of an article of personal property, made previous to its sale at public auction, may enter into such sale as a warranty, although not disclosed at the time of the sale itself.

Action for false warranty in the sale of a horse. Plea, the general issue. Trial by jury at the September term, 1890, Taft, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The opinion states the case..

*J. C. Baker*, for the defendant.

To allow previous private representations to enter into an auction sale as a warranty would be a fraud on the other bidders At such a sale all are supposed to stand upon the same equality. 2 Add. Torts, 1014; *Hopkins* v. *Tanqueray*, 15 C. B. 130; 2 Benj. Sales, 808, 809 ; *Bartlett* v. *Purnell*, 4 Ad. and El. 792; 1 Wait's Act and Def. 477.

*D. E. Nicholson*, for the plaintiff.

The opinion of the court was delivered by

START, J. The defendant and one Willey were co-administrators of the estate of William Willey, and as such administrators had advertised the property of the estate to be sold at public auction on March 14, 1889. On the 21st day of February, 1889, and after the horse in question had been advertised for sale at public auction, the plaintiff went to see the defendant about pur-

chasing him. Her evidence tended to show that the defendant then told her that the horse was only twelve years old and sound; that he would not sell him at private sale; that he must be sold at public auction, and she could bid for him there; that she bid off the horse at the auction sale relying upon these representations, which was known to the defendant. After the sale and before delivery or payment, the defendant repeated these representa tions. The plaintiff's evidence also tended to show that the horse was twenty years old and unsound, and that this was known to the defendant at the time he made the representations. The plaintiff claimed to recover upon a warranty and upon account of fraud.

The defendant requested the court to charge the jury as follows: "No claim of damages for breach of warranty can be predicated upon a sale at auction, unless the representations upon which the claim is made, are made at the auction, or in such a manner as to operate as a representation or warranty to any bidder who should become a purchaser at the sale." The court refused to so instruct the jury, to which the defendant excepted.

It appears from the exceptions that the charge in other respects was such as the case called for, and that the rules with reference to both branches of it were fully stated to which no exceptions were taken.

By the charge, the jury were left at liberty to find the defendant liable on account of a warranty. In this respect, the defendant's counsel claims there was error, and insists that the jury should have been instructed as requested, and contends the plaintiff was not entitled to recover on account of a warranty, because the representations constituting the warranty were made to the plaintiff privately, and to permit such recovery would be to encourage a fraud upon all others attending the sale. We think the defendant is not in a situation to take advantage of his own wrong. To excuse the defendant from liability, under the

circumstances of the case, would be a greater fraud upon the plaintiff.

The defendant, in effect, said to the plaintiff when she called to buy the horse, I am going to sell him through the auctioneer as my agent, at such a time and place. He is only twelve years old and sound. I decline to make the sale myself now or to fix a price, as I have advertised him for sale at public auction. You can attend the sale, and the price is to be fixed there by the highest bidder. She attends the sale and makes the purchase relying, as she had a right to, upon his representations in regard to the age and soundness of the horse.

We are unable to find that the rule contended for by the defendant's counsel has ever been adopted in this state, and we see no good reason for making this case an exception to the general rule applicable to warranties. This general rule is well stated by Rowell, J., in the case of *Hobart* v. *Young*, 63 Vt. 366: "Any affirmation as to the kind or quality of the thing sold not uttered as a matter of commendation, opinion or belief made by the seller pending the treaty of sale, for the purpose of assuring the purchaser of the truth of the affirmation and of inducing him to make the purchase, if so received and relied upon by the purchaser, is deemed to be an express warranty."

*Judgment affirmed.*